UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARK ALLEN TAYLOR,

    Petitioner,

-vs-                                          Case No. 8:03-CV-1562-T-27MAP

JAMES McDONOUGH,

    Respondent.
_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus challenging his 1998 conviction for robbery with a deadly firearm entered following a jury trial in the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Dkt. 7. Respondent has filed in response to the petition (Dkts. 12 and 25), and Petitioner has filed his reply thereto (Dkts. 13 and 28).

### Background

On January 21, 1998, Petitioner was charged by information with one count of robbery with a firearm (Dkt. 27, Ex. 001 at R. 9-10). The State filed notices of intent to request that Petitioner be sentenced as an habitual violent felony offender and a prison release reoffender.[1] *Id.* at 23-24. Following a jury trial, Petitioner was found guilty of the

---

[1] Following his conviction in Hillsborough County, Florida, for the offenses of burglary of a dwelling with an assault or battery and attempted sexual battery, Petitioner was placed in the custody of the Florida Department of Corrections on January 23, 1991 to serve a sentence of 15 years. He was released from prison by expiration of the sentence on November 26, 1996. *See* Dkt. 27, Ex. 001 at R. 92. The robbery that is the subject of the instant petition occurred on January 1, 1998. *Id.* at R. 9.


lesser included offense of robbery with a deadly weapon on October 1, 1998. *Id.* at 28. His motion for a new trial was denied on October 15, 1998. *Id.* at 58. Petitioner was sentenced on November 19, 1998, to a term of life imprisonment as a prison releasee reoffender. *Id.* at 100-106.

Represented by the public defender's office, Petitioner filed a direct appeal on December 14, 1998, asserting three claims of trial court error (Dkt. 27, Ex. 002). The appellate court affirmed Petitioner's conviction and sentence on December 10, 1999 (Dkt. 27, Ex. 005). *See Taylor v. State*, 754 So.2d 41 (Fla. 2d DCA 1999). His motion for a rehearing was denied on January 18, 2000 (Dkt. 27, Ex. 006), and the mandate issued on February 22, 2000 (Dkt. 27, Ex. 007).

As the record demonstrates, *see* Dkt. 27, Ex. 008 at 8, on April 18, 2001, Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850, *see also* Dkt. 13 at 7. Petitioner alleged that trial counsel was ineffective in (1) failing to assert a voluntary intoxication defense; (2) failing to perform an adequate pretrial investigation; (3) failing to assert that the State committed a *Brady* violation by suppressing evidence that a "crack" pipe was found in Petitioner's pocket when he was arrested, which would, according to Petitioner, have established that (a) he lacked the mental capacity to understand his rights when he confessed to the arresting officer that he committed the robbery, and (b) he was entitled to proceed on a defense of voluntary intoxication; (4) stipulating to the identification of Petitioner as the robber; (5) failing to object to the prosecutor's comments during closing arguments regarding the victim's identification; and failing to present a persuasive closing argument (Dkt. 27, Ex. 008).

The trial court mistakenly denied Petitioner's Rule 3.850 motion as untimely on September 23, 2002 (Dkt. 27, Ex. 009). On October 31, 2002, the trial court granted Petitioner's motion for a rehearing (Dkt. 27, Ex. 010), vacated its September 23 order, and addressing the merits of Petitioner's claims, denied his request for relief (Dkt. 27, Ex. 011). Petitioner filed a motion for a rehearing on November 10, 2002 (Dkt. 27, Ex. 012), which was denied on January 6, 2003 (Dkt. 27, Ex. 013). The record reflects that Petitioner filed another motion for a rehearing on January 21, 2003, a motion requesting a copy of the trial transcript, and a petition for state habeas relief, each of which was denied on February 17, 2003 (Dkt. 27, Ex. 17). The state appellate court affirmed the denial of Petitioner's Rule 3.850 motion on April 30, 2003 (Dkt. 27, Ex. 021). See Taylor v. State, 853 So.2d 423 (Fla. 2d DCA 2003). Petitioner's motion for a rehearing on the denial of his state habeas petition (Dkt. 27, Ex. 18) was rejected on April 4, 2003 (Dkt. 27, Ex. 019). The appellate court affirmed the trial court's denial of Petitioner's state habeas petition on October 8, 2003, with the mandate issuing on November 5, 2003 (Dkt. 27, Exs. 024 and 025). See Taylor v. State, 865 So.2d 502 (Fla. 2d DCA 2003).

On August 27, 2003, Petitioner filed a petition for federal habeas relief. Because Petitioner failed to file a complete petition, he was ordered to complete and file an amended petition on the court-approved form for § 2254 relief (Dkt. 5). Petitioner's incomplete petition was superseded by the amended petition filed on August 27, 2003[2] (Dkt. 7).

---

[2] See, e.g., Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the federal rules an amended complaint supercedes the original complaint).

-3-

In his amended petition, Petitioner makes the following assertions:

1. Failure to reduce charge of robbery with a deadly weapon to robbery without a weapon. The prosecutor fought every attempt to introduce any instrument or object which might have been under the cloth I used to conceal it. He was successful. The State charged only robbery with a firearm. No evidence or testimony was ever introduced about any weapon at all, save a firearm. The judge even asked the prosecutor if that was what he wanted to do. He said, Yes. The jury found me not guilty of robbery with a firearm, but inexplicably found me guilty of robbery with a deadly weapon which was listed as the lesser included offense.

2. Prosecutorial misconduct. The prosecutor told the judge at my motion for rehearing that a juror had visited him and told him they saw a weapon of "some kind" under the cloth on the video. I believe that was a lie. He told the jury in closing argument that I asked him. You heard it. He told them the store clerk had testified he saw "the chamber." Two devastating lies. Plus, they "destroyed" my crack pipe without explanation to the court. It was what was under the cloth.

3. Habeas corpus was always present hope for the imprisoned innocent. When the founders drafted the Bill of Rights, I'm certain when they said "never be suspended" they didn't mean "never be suspended except after one year." 28 U.S.C. § 2244(d) must have an exception for those who can make a showing of their innocence.

Dkt. 7 at 4-7. Having initially moved to dismiss the amended petition as time-barred under 28 U.S.C. § 2244(d)(1) (Dkt. 12), Respondent erroneously conceded the timeliness of the petition in the response filed on August 11, 2006 (Dkt. 25, Sec. III (unnumbered)). In this circuit, after affording the parties fair notice and an opportunity to present their positions on the issue, "[a] federal court that sits in collateral review of a criminal judgment of a state court has an obligation to enforce the federal statute of limitations." *Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) (a concession of timeliness by the state that was patently erroneous did not compromise the authority of the district court *sua sponte* to dismiss a

habeas petition as untimely).[3] For reasons set forth below, the Court finds that the petition is subject to dismissal as time-barred.

## Standard of Review

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year limitation provisions are applicable to Petitioner's claims because the petition was filed after the AEDPA's enactment date.

## Discussion

In the present case, AEDPA's limitation period began to run on April 17, 2000,[4] 90 days from issuance of the state appellate court's January 18, 2000 order denying his

---

[3] In the instant case, Petitioner was afforded an opportunity to respond to Respondent's position on the issue of timeliness in his reply to the response (Dkt. 12).

[4] The Court takes judicial notice of the fact that 2000 was a "leap year," thus, the month of February had 29 days.

motion for a rehearing.[5] Thus, to be considered timely, Petitioner had to commence federal habeas proceedings on or before April 17, 2001, absent any delay attributable to tolling, *i.e.*, a pending, properly filed application for state post-conviction relief. As discussed above, Petitioner acknowledges that he did not file an application for state post-conviction relief until April 18, 2001 – one day after the expiration of the limitation period, (Dkt. 13, at 7). Under controlling case law, Petitioner's post-conviction motion did not have any tolling effect because it was filed after the expiration of the limitation period. *See Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions; a state-court application for post-conviction relief that is filed following expiration of limitation period cannot toll that period because there is no period remaining to be tolled). Because the limitation period cannot be reinitiated once it expires, filings after April 17, 2001 did not have any tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Petitioner has not shown that a state created impediment prevented him from filing a timely § 2254 petition or that he could not have discovered the factual predicate of his federal claims prior to the expiration of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Thus, absent equitable tolling, Petitioner's request for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision.

---

[5]The 90-day period is not triggered by the mandate. *See* Sup. Ct. R. 13; *Close v. United States*, 336 F.3d 1283 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Having afforded Petitioner an opportunity to explain the reasons for his untimeliness, the Court finds that he has failed to satisfy the criteria in this jurisdiction to proceed despite the procedural bar to his petition. See *Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Petitioner asserts that if the Court were to find that his request for federal habeas relief is untimely, he is entitled to proceed because he is innocent "of the charge for which he was found guilty" (Dkt. 8 at 1). While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must

demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* ___ U.S. ___, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States,* 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo,* 513 U.S. at 327-28). In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Id; Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001). *See also Schlup v. Delo,* 513 U.S. at 324.

The Court finds Petitioner's assertion that "new" evidence warrants consideration of his claims despite the procedural bar unpersuasive. Petitioner does not deny committing the robbery. The crux of Petitioner's "actual innocence" claim is the jury's finding that he was guilty of the lesser included offense of robbery with a deadly weapon without identifying or otherwise describing the weapon.

The victim testified that when the robber entered the store, he asked for a package of cigarettes (Dkt. 27, Ex. 001 at Tr. 12). The victim further testified that after he gave the robber the cigarettes, "he showed a gun and told [the victim]: 'Open the register and give me the money, otherwise I will shoot you.'" *Id.* According to the victim, the robber covered the back of the gun with a towel, but he did see the barrel of the gun protruding from the towel. *Id.* at Tr. 12; 21-24; 26-28.

Petitioner argues that "no firearm was ever produced by the robber who went into a store with a cloth covering his hand," *see* Dkt. 8 at 3, and asserts that had he testified

-8-

at trial, he would have explained that he was hiding a "crack" pipe under the cloth rather than a firearm or other "deadly weapon." *Id.* Having reviewed Petitioner's argument in support of his claim of actual innocence, the Court finds that the testimony Petitioner now contends he would have given at trial had he taken the witness stand does not meet the criteria in this circuit for newly discovered evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claims. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

As the Eleventh Circuit held in *Hill v. Jones*, "[a] petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the procedural default rule exists." 81 F.3d 1015, 1023 (11th Cir. 1996). Without such a showing, a federal habeas court should not even discuss the merits of a claim that has been procedurally defaulted in state court. *Kight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

To the extent that Petitioner asserts that application of the AEDPA limitation period in this case would be a violation of the Suspension Clause, *see* U.S. Const. art. I, § 9, cl. 2, (Dkt. 8 at 1), the Eleventh Circuit has rejected such assertions because § 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam )). Agreeing with all other circuits which have addressed this issue, the Eleventh Circuit held that, "as a general matter, the § 2244(d) limitation period

does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1217 (11th Cir. 2000). Therefore, Petitioner's assertion that application of the statutory time bar to him constitutes "an unconstitutional suspension of his right to habeas corpus relief" (Dkt. 8 at 2) lacks merit.

### Conclusion

For the foregoing reasons, the Court determines that Petitioner's request for relief is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 7) is **DENIED**.

2. The Clerk of Court shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on September 13th, 2006.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner and Counsel of Record

SA:jsh